### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re:  Ryan Magruder | ) | 14 B 13899 |
| | ) | |
| | ) | |
| Debtor(s) | ) | Judge Black |

### *NOTICE OF MOTION AND CERTIFICATE OF SERVICE*

Ryan Magruder                                        Ernesto Borges Jr
1111 Amherst Lane                              105 W. Madison St., 23rd Fl.
University Park, IL 60484                       Chicago, IL 60602

 Please take notice that on July 25, 2014 at 10:30 AM a representative of this office shall appear at the Joliet City Hall, 150 W. Jefferson St., Joliet, IL and present this motion.

 I certify that this office caused a copy of this notice to be delivered to the attorney through the CM/ECF system and to the other above listed persons by depositing in the U.S. Mail on July 17, 2014.

/s/Gerald Mylander
For Glenn Stearns, Trustee

### MOTION FOR HEARING UNDER §§ 329, 330, AND RULE 2017

 Now Comes Glenn Stearns, Chapter 13 Trustee, requesting a hearing as to the attorney fees of Ernesto Borges, Jr. pursuant to 11 U.S.C. §§ 329, 330, and Bankruptcy Rule 2017 and in support thereof, states the following:

1. On April 15, 2014, the debtor(s) filed a petition under Chapter 13.

2. Ernesto Borges, Jr. filed this case on behalf of the debtor and is the attorney of record.

3. The debtor and counsel have entered into the Court Approved Retention Agreement (CARA).

4. The Rule 2016 Statement filed in this case lists that pre-confirmation attorney fees have been paid to Mr. Borges in the amount of $0.00 with a balance of $3,500.00.

5. This case was originally dismissed on June 6, 2014 for failure to timely provide income tax returns and pay advices.

6. The dismissal of the case was vacated on June 27, 2014. In the motion to vacate dismissal, the motion implied that the failure to provide the documents was the fault of the attorney, not the debtor's.

7. However, since the dismissal was vacated, the amended schedules B and E that were requested at the 341 meeting have not been filed nor has a modified plan been filed to address the pending objections.

8.  Pursuant to §329 and Rule 2017, a court may investigate the debtor's transactions and agreements with his attorney and, if the court deems them excessive based on the value of the services, may cancel the agreement and order the return of any funds paid by the debtor to his attorney.

9.  Mr. Borges has not properly represented the debtor to move this case forward.

WHEREFORE, the Trustee prays that the court find that any attorney fee be denied or reduced, Ernesto Borges, Jr. be ordered to disgorge any and all fees, and/or for such further relief as this court deems proper.

Respectfully Submitted;
Glenn Stearns, Trustee

_____ /s/ _____
By: Gerald Mylander

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Rd., Suite 650
Lisle, IL 60532